FERROCARRILES DEL ESTE, Plaintiff and Appellee, *v.* MARÍA RÍOS RUBIO ET AL., Defendants and Appellants.

No. 4869. Argued January 28, 1929.—Decided January 31, 1929.

*O'Neill & O'Neill* for the appellants. *González Fagundo & González Jr.* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Defendant María Ríos Rubio appealed from the judgment rendered in this case on November 1, 1928, and moved the court to order the stenographer to make a transcript of his stenographic notes for the appeal. Her motion was granted and on December 7, 1928, the court ordered that the stenographer prepare the transcript within the twenty days allowed by law, the stenographer being notified of that order on the same day. At the expiration of that period the stenographer had not presented the transcript, nor had he or the appellant asked for and obtained any extension of time by the court, and on January 3, 1929, the appellee filed in the office of the secretary of this court a motion to dismiss the appeal, which motion was heard on the 28th of this month.

The appellant opposed the motion by brief and orally and on January 14th moved that under the authority given to it by section 140 of the Code of Civil Procedure this court grant a new period of time for the preparation of the transcript of the evidence. This motion and the appellee's motion were heard on the same day, the former being opposed by the appellee.

The motion for additional time is based on the facts alleged in the opposition to the dismissal of the appeal.

The reason given by the appellant in opposition to the dismissal of her appeal are as follows: That in accordance with Act No. 81 of 1919, if the stenographer failed, without lawful excuse, to prepare the transcript of the evidence within the period of sixty days, the court should compel him to do so by the proper coercive means; that she was not notified of the date of the order for the transcript to be prepared; that on December 6, 1928, she wrote to the stenographer informing him that on that day she was making a motion for him to prepare the transcript of the evidence, hoping that he would do so as soon as possible, that he would apply for the necessary extensions and that he would keep her informed of the progress of the work, but the

stenographer complied with none of these requests; that she had a reason for believing that the stenographer would obey the order of the court or would apply for extensions, and that the blame for any delay rests exclusively on the stenographer.

We have held repeatedly that the party who elects to base his appeal on a transcript of the evidence to be made by the stenographer must suffer the consequences of the conduct of that employee. *Mercado* v. *Heirs of Ferreiro,* 26 P.R.R. 433, cited in *Viera & Co.* v. *Reyes,* 28 P.R.R. 74; *Sanders Philippi & Co.* v. *Rivera,* 28 P.R.R. 901; *Martínez* v. *Martínez,* 29 P.R.R. 505; *Cruz* v. *Heirs of Jiménez,* 30 P.R.R. 793; *Martínez* v. *López,* 31 P.R.R. 767; *Pagán* v. *Pagán,* 32 P.R.R. 589, and *González* v. *Méndez,* 33 P.R.R. 818. Therefore, the appellant had no right to trust that the stenographer would ask for extensions and that omission of the stenographer is imputable to the appellant. Likewise, she had no right to believe that the stenographer would keep her informed of the progress of the work intrusted to him, because he has no legal obligation to do so. Also, the clerk was not bound to notify her that the court had granted her motion that a transcript of the evidence be prepared, although this has no importance in the present case in view of the letter to the stenographer. Nor had she any right to rely on the stenographer's preparing the transcript within twenty days in compliance with the order of the court, because it is known that he is not always able to prepare it within the time fixed and that is why the law allows the period to be extended. And finally the citation made of Act No. 81 is not applicable to this case, because it refers to cases in which after the expiration of the statutory twenty days and extensions up to sixty days the stenographer may be compelled by the court by proper coercive means to prepare the transcript, if he had no lawful excuse for not having prepared it, always on motion of the party, and in the present case those means were not employed.

For the foregoing reasons the appellee is entitled to a dismissal of this appeal unless we grant a new period to the appellant for preparing the transcript of the evidence; but as the grounds of that motion are the same and clearly insufficient against dismissing the appeal, and as the appellant has not complied with a rule of the district courts that the appellant should deposit in the office of the clerk the amount of the stenographer's fees, we see no justification for granting a new extension of time and the motion therefor must be denied and the appeal dismissed.

## ON RECONSIDERATION

MR. JUSTICE ALDREY delivered the opinion of the court February 11, 1929.

By a ruling of January 31 we refused to grant the appellant a new period of time for the preparation by the stenographer of a transcript of the evidence and dismissed the appeal on motion of the appellee, stating the grounds for those rulings in the opinion delivered on that date. The grounds then alleged for granting a new period were the same as those set forth for not dismissing the appeal, all of which turned on the question of the appellant's not being responsible for the neglect of the stenographer in not obtaining extensions of time, which is contrary to our repeated jurisprudence on this matter.

We are now asked to reconsider the refusal to grant a new period of time, the consequence of which would be a reinstatement of the appeal. The grounds of this motion are that the judgment appealed from mistakenly deprived the appellant of a large sum of money to which she is entitled; that the deposit in the court of the stenographer's fees was to be made subsequent to the order directing him to prepare the transcript of the evidence; that the policy of this court is to decide appeals on their merits, and that she had no

opportunity to apply for extensions, the weight of the law having been thrown upon her without any consideration or benevolence.

Every appeal from a judgment signifies that the appellant believes it to be unjust or mistaken in determining the rights of the appellant which as a rule are important to him, but the fact of the existence of an appeal and of the importance of the rights which the appellant considers to have been infringed is no reason for not applying to him the rules governing the prosecution of appeals and for allowing him additional time for the stenographer to prepare the transcript of the evidence for the appeal, if the time allowed has expired while no effort was made to obtain its extension.

It is true that the deposit of the stenographer's fees for his transcript must be made subsequent to the order of the trial court directing its preparation; but in this case the appellant did not make the deposit after the order or at any other time.

It is also true that our policy, and we believe the policy of all courts of justice, is to decide appeals on their merits, but this is done when it is possible and not when the appellant has failed to comply with the law governing appeals openly and without reasonable excuse and the appellee has moved on that ground for dismissal of the appeal, as in the present case.

The law has been applied in this case to dismiss the appeal because although the appellant had an opportunity granted by the statute to apply for extensions for the stenographer, yet she did not make use of that right. We regret to have to dismiss appeals, but if the appellee is entitled to dismissal of the present appeal, we can not deny it that right.

For the foregoing reasons we see no ground for reconsidering our decision of the 5th instant.